Fred W. Schwinn (SBN 225575)
Raeon R. Roulston  (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
ERIN HELENE TURNER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| ERIN HELENE TURNER,<br><br>                                          Plaintiff,<br><br>        v.<br><br>QUALL CARDOT, LLP, a California limited liability partnership; and WILLIAM GEARHART BUTTRY, individually and in his official capacity,<br><br>                                          Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692, *et seq*.<br>California Civil Code § 1788, *et seq*. |

Plaintiff, ERIN HELENE TURNER (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

### I. INTRODUCTION

1.    This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2.    According to 15 U.S.C. § 1692:

        a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the

number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.    Plaintiff also seeks statutory damages, attorney fees and costs under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*. (hereinafter "RFDCPA") which prohibits creditors and debt collectors from engaging in abusive, deceptive and unfair practices.  The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

## II. JURISDICTION

4.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and

---

[1]  Cal. Civil Code § 1788.1(a)(1).

1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.     This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III.  VENUE

6.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV.  INTRADISTRICT ASSIGNMENT

7.     This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V.  PARTIES

8.     Plaintiff, ERIN HELENE TURNER (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9.     Plaintiff is informed and believes, and thereon alleges that Defendant, QUALL CARDOT, LLP (hereinafter "QUALL CARDOT"), is or was at all relevant times, a California limited liability partnership engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 205 East River Park Circle, Suite 110, Fresno, California  93720. QUALL CARDOT may be served as follows: Quall Catdot, LLP, c/o Matthew W. Quall, General

Partner, 205 East River Park Circle, Suite 110, Fresno, CA 93720. The principal business of QUALL CARDOT is the collection of defaulted consumer debts using the mails and telephone, and QUALL CARDOT regularly attempts to collect defaulted consumer debts alleged to be due another. QUALL CARDOT is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10. Defendant, WILLIAM GEARHART BUTTRY (hereinafter "BUTTRY"), is a natural person and is or was an employee, agent, officer and/or director of QUALL CARDOT at all relevant times. BUTTRY may be served at his current business address at: William Gearhart Buttry, Quall Catdot, LLP, 205 East River Park Circle, Suite 110, Fresno, CA 93720. BUTTRY is regularly engaged in the business of collecting defaulted consumer debts through the use of the U.S. Mail, telephone and internet. BUTTRY is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

12. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit card account owed to Wells Fargo Bank, N.A. (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

13. Plaintiff is informed and believes, and thereon alleges that on a date unknown to

Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

14.     Thereafter, on or about May 7, 2015, Defendants sent a collection letter to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).  A true and accurate copy of the May 7, 2015, collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

15.      The collection letter (Exhibit "1") was the first written communication from Defendants to Plaintiff in connection with the collection of the alleged debt.

16.     The collection letter (Exhibit "1") was sent in an envelope which contained a window through which information printed on the collection letter could be seen by anyone who handled the envelope.  Specifically, the words "Re: WELLS FARGO BANK, N.A." are clearly visible through the window of envelope.

17.     Defendants' collection letter (Exhibit "1") was signed by BUTTRY.

18.     Thereafter, on or about May 29, 2015, Plaintiff sent a verification request letter to Defendants which stated, in relevant part:

> I cannot officially respond to your claim until validation is made for the alleged debt.  I am officially requesting validation of your claim, to include:
>
> - A copy of the original application with my signature for this alleged debt
> - If this debt was purchased, what was it purchased for
> - Provide a fully itemized statement for the amount you are asking which clearly details how this amount over the amount that was paid for this debt was calculated, including the interest rate being charged.  Confirm that this rate falls within state usury limits
>
> This letter has been mailed via Certified Mail with Return Receipt.  Receipt of this letter is being officially time stamped.

19.     A true and correct copy of Plaintiff's verification request letter is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

20.    Defendants received Plaintiff's letter requesting verification of the alleged debt (Exhibit "2") on or about June 1, 2015.

21.    A true and accurate copy of the USPS Tracking Report evidencing Defendants' receipt of Plaintiff's letter requesting verification of the alleged debt (Exhibit "2") is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

22.    After receiving Plaintiff's letter requesting verification of the alleged debt (Exhibit "2"), Defendants continued their collection efforts against Plaintiff without first obtaining and mailing Plaintiff a validation of the debt being collected.

23.    Thereafter, on or about June 16, 2015, Defendants filed a Complaint for Money against Plaintiff in the Superior Court of California, County of Santa Clara, Case No. 1-15-CV-282303, and captioned *Wells Fargo Bank, NA v. Erin H Turner, et al.* (hereinafter "state court action").

24.    A true and correct copy of Defendants' Complaint for Money filed in the state court action is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

25.    Defendants' Complaint for Money (Exhibit "4") is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

26.    Defendants' Complaint for Money (Exhibit "4") was signed by BUTTRY.

27.    Defendants' Complaint for Money (Exhibit "4") represented or implied that Plaintiff's account had been reviewed by BUTTRY.

28.    Plaintiff is informed and believes, and thereon alleges that BUTTRY did not conduct a professional review of Plaintiff's account before drafting, signing and filing Defendants' Complaint for Money (Exhibit "4") in the state court action.[2]

29.    Plaintiff is informed and believes, and thereon alleges that Defendants' Complaint

_____

[2]  See, *Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

- 6 -
COMPLAINT

for Money (Exhibit "4") misrepresented the role and involvement of legal counsel.

30.     Plaintiff is informed and believes, and thereon alleges that Defendants' <u>Complaint for Money</u> (Exhibit "4") misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

31.     Thereafter, on or about July 16, 2015, Defendants sent a verification letter to Plaintiff which stated in part, "Enclosed is the verification of the debt you requested regarding the account you originally held with WELLS FARGO BANK, NA. . . ."

32.     A true and correct copy of Defendants' verification letter and envelope are attached hereto, marked Exhibit "5," and by this reference is incorporated herein.

33.     Defendants' verification letter (Exhibit "5") was signed by BUTTRY.

34.     Plaintiff is informed and believes, and thereon alleges that Defendants have sent standard form collection letters and window envelopes which contain a window through which information printed on the collection letters could be seen by anyone who handled the envelopes as shown by Exhibit "1" to more than 40 persons in California in the one-year preceding the filing of this Complaint.  Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT
### (Against all Defendants)

35.     Plaintiff brings the first claim for relief against all Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

36.     Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

37.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

1692a(3).

38.     Defendant, QUALL CARDOT, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

39.     Defendant, BUTTRY, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

40.     The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

41.     Defendants have violated the FDCPA.  The violations include, but are not limited to, the following:

    a.     Defendants communicated with third parties, in violation of 15 U.S.C. § 1692b;

    b.     Defendants communicated with third parties in connection with the collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a court of competent jurisdiction, in violation of 15 U.S.C. § 1692c(b);

    c.     Defendants' display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is conduct the natural consequence of which is to harass, oppress or abuse Plaintiff, in violation of 15 U.S.C. § 1692d;

    d.     Defendants published Plaintiff's personal financial information to third parties, in violation of 15 U.S.C. § 1692d(3);

    e.     Defendant falsely represented or implied that attorney BUTTRY had professionally reviewed Plaintiff's account when BUTTRY had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

f.   Defendant falsely represented the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

g.   Defendant misrepresented the true source or nature of the collection communications, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10);

h.   Defendants' display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is unfair or unconscionable, in violation of 15 U.S.C. § 1692f; and

i.   Defendants continued their collection efforts against Plaintiff after receiving a written notification within the thirty-day validation period from Plaintiff disputing the debt being collected in its entirety without first obtaining a verification of the debt and mailing a copy of such verification to the Plaintiff, in violation of 15 U.S.C. § 1692g(b).

42.   Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

43.   As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### (Against QUALL CARDOT only)

44.   Plaintiff brings the second claim for relief against QUALL CARDOT under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

45.   Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

46.   Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

47.   Defendant, QUALL CARDOT, is a "debt collector" as that term is defined by the

RFDCPA, Cal. Civil Code § 1788.2(c).

48.     The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

49.     QUALL CARDOT has violated the RFDCPA.  The violations include, but are not limited to, the following:

a.     QUALL CARDOT communicated with third parties, in violation of Cal. Civil Code §§ 1788.12(d) and 1788.17;[3]

b.     QUALL CARDOT communicated with third parties in connection with the collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a court of competent jurisdiction, in violation of Cal. Civil Code §§ 1788.12(d) and 1788.17;[4]

c.     QUALL CARDOT's publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is conduct the natural consequence of which is to harass, oppress or abuse Plaintiff, in violation of Cal. Civil Code §§ 1788.12(d) and 1788.17;[5]

d.     QUALL CARDOT falsely represented or implied that attorney BUTTRY had professionally reviewed Plaintiff's account when BUTTRY had not done so, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[6]

e.     QUALL CARDOT falsely represented the role and involvement of legal counsel, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[7]

f.     QUALL CARDOT misrepresented the true source or nature of the collection

---

[3] 15 U.S.C. § 1692b.
[4] 15 U.S.C. § 1692c(b).
[5] 15 U.S.C. § 1692d.
[6] 15 U.S.C. §§ 1692e(3) and 1692e(10).
[7] 15 U.S.C. §§ 1692e(3) and 1692e(10).

communications, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[8]

g.    QUALL CARDOT published Plaintiff's personal financial information to third parties, in violation of Cal. Civil Code §§ 1788.12(d) and 1788.17;[9]

h.    QUALL CARDOT's publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is unfair or unconscionable, in violation of Cal. Civil Code §§ 1788.12(d) and 1788.17;[10] and

i.    QUALL CARDOT continued its collection efforts against Plaintiff after receiving a written notification within the thirty-day validation period from Plaintiff disputing the debt being collected in its entirety without first obtaining a verification of the debt and mailing a copy of such verification to the Plaintiff, in violation of Cal. Civil Code § 1788.17.[11]

50.    QUALL CARDOT's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

51.    As a result of QUALL CARDOT's willful and knowing violations of the RFDCPA,  Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

52.    As a result of QUALL CARDOT's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.17.[12]

53.    As a result of QUALL CARDOT's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and

---

[8]  15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).
[9]  15 U.S.C. § 1692d(3).
[10]  15 U.S.C. § 1692f.
[11]  15 U.S.C. § 1692g(b).
[12]  15 U.S.C.§ 1692k(a)(2)(A).

1788.17.[13]

54.     Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)   Assume jurisdiction in this proceeding;

b)   Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692b, 1692c(b), 1692d, 1692d(3), 1692e, 1692e(3), 1692e(10), 1692f and 1692g(b);

c)   Declare that QUALL CARDOT violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.12(d), 1788.13(i), 1788.16 and 1788.17;

d)   Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e)   Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against QUALL CARDOT, pursuant to Cal. Civil Code § 1788.30(b);

f)   Award Plaintiff statutory damages in an amount not to exceed $1,000 against QUALL CARDOT, pursuant to Cal. Civil Code § 1788.17;[14]

g)   Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[15] and 1788.30(c); and

h)   Award Plaintiff such other and further relief as may be just and proper.

oo0oo

---

[13]  15 U.S.C. § 1692k(a)(3).
[14]  15 U.S.C. § 1692k(a)(2)(A).
[15]  15 U.S.C. § 1692k(a)(3).

1)

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONSUMER LAW CENTER, INC.


By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
Raeon R. Roulston  (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
ERIN HELENE TURNER

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ERIN HELENE TURNER, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.